UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Roberto Antonio Requene Gutierrez (A-Number: A-246-113-274),<br><br>Petitioner,<br><br>v.<br><br>Warden of the Golden State Annex Detention Facility; Current or Acting Field Office Director, San Francisco Field Office, United States Immigration and Customs Enforcement; Current or Acting Director, United States Immigration and Customs Enforcement; Current or Acting Secretary, United States Department of Homeland Security; Current or Acting United States Attorney General,<br><br>Respondents. | No.  1:26-cv-01830-KES-SKO (HC)<br><br>ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS AND REQUIRING BOND HEARING WITHIN FOURTEEN DAYS<br><br>Doc. 1 |

Petitioner Roberto Antonio Requene Gutierrez is an immigration detainee proceeding with a petition for writ of habeas corpus and motion for temporary restraining order.  Docs. 1, 11.  The Court has previously addressed the legal issues raised by the petition.  *See, e.g.*, *Yon Kervis U. v. Chestnut*, No. 1:25-CV-2066-KES-SAB (HC), 2026 WL 88983 (E.D. Cal. Jan. 12, 2026); *Guzman v. Andrews*, No. 1:25-CV-01015-KES-SKO (HC), 2025 WL 2617256 (E.D. Cal. Sept. 9, 2025); *Elmer Joel M. C. v. Wofford*, No. 1:25-CV-01622-KES-CDB (HC), 2025 WL 3501200 (E.D. Cal. Dec. 6, 2025); *Clene C.D. v. Robbins*, No. 1:25-CV-01463-KES-SKO (HC), 2026 WL 84302 (E.D. Cal. Jan. 12, 2026); *W.V.S.M. v. Wofford*, No. 1:25-CV-01489-KES-HBK (HC), 2025 WL 3236521 (E.D. Cal. Nov. 19, 2025); *Bilal A. v. Wofford*, No. 1:25-CV-01715-

1

KES-HBK (HC), 2025 WL 3648366 (E.D. Cal. Dec. 16, 2025); *Marina V.N. v. Robbins*, No. 1:25-CV-01845-KES-SKO (HC), 2025 WL 3701960 (E.D. Cal. Dec. 21, 2025).

The Court set a briefing schedule on the petition and ordered respondents to show cause as to whether there are any factual or legal issues in this case that distinguish it from the Court's prior orders and that would justify denying the petition. Doc. 12. Although respondents oppose the petition, they "acknowledge[] that the current case mirrors the issues in numerous cases decided by this Court[.]"[1] Doc. 13 at 1. Respondents indicate that petitioner was detained by immigration officials after he was charged with state criminal offenses. *Id.* at 3. But respondents do not argue that that the statutory authority to detain petitioner has shifted to 8 U.S.C. § 1226(c). *See id.* at 1–4. While the circumstances of petitioner's arrests may be relevant to a neutral decisionmaker's determination as to whether petitioner is entitled to bond, it does not eliminate petitioner's right to such determination.

Respondents also argue that, if the Court finds that there was a violation of petitioner's due process rights, the appropriate remedy should be a post-deprivation bond hearing where petitioner bears the burden of showing that he is not a danger or flight risk. *Id.* at 3–4. But when a noncitizen has previously been released following a determination that he is not a flight risk or danger to the community, and then is subsequently re-detained, due process requires a bond hearing at which the government bears the burden of proving that the noncitizen is a flight risk or danger to the community by clear and convincing evidence. *See, e.g.*, *Chateauneuf v. Chestnut*, No. 1:26-CV-01073-DC-JDP (HC), 2026 WL 523695, at *5 (E.D. Cal. Feb. 25, 2026) ("Where a noncitizen had previously been released from ICE detention, indicating ICE determined the noncitizen was neither a flight risk nor a safety risk to community, this court has found that the

---

[1] Respondents cite to *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. Feb. 6, 2026) (finding petitioners were subject to mandatory detention under § 1225(b)(2)(A)), and *Avila v. Bondi*, --- F.4th ---, No. 25-3248, 2026 WL 819258 (8th Cir. Mar. 25, 2026) (finding that petitioner was subject to detention under § 1225(b)(2)(A)). Doc. 13 at 2. The Court finds the analysis in *Castañon-Nava v. U.S. Dep't of Homeland Sec.*, 161 F.4th 1048, 1060–62 (7th Cir. 2025) (concluding that government was not likely to prevail on the merits that petitioner was subject to mandatory detention under § 1225(b)(2)(A)), and in the dissents in *Buenrostro-Mendez* and *Avila*, more persuasive on the statutory interpretation issue.

government bears the burden of justifying the noncitizen's re-detention without bond . . . ."); *Pinchi v. Noem*, 792 F. Supp. 3d 1025, 1038 (N.D. Cal. 2025) (same); *Pablo Sequen v. Albarran*, 806 F. Supp. 3d 1069, 1093 (N.D. Cal. 2025) (same).[2]

Courts have required that the burden be on the government because "the immigrant's initial release reflected a determination by the government that the noncitizen is not a danger to the community or a flight risk." *Ortiz Donis v. Chestnut*, No. 1:25-CV-01228 JLT SAB, 2025 WL 2879514, at *15 (E.D. Cal. Oct. 9, 2025). "Since it is the government that initiated re-detention, it follows that the government should be required to bear the burden of providing a justification for the re-detention." *Id.* The Court will therefore order respondents to provide petitioner with a bond hearing where the government bears the burden of proving that petitioner is a flight risk or danger by clear and convincing evidence.

As respondents have not made any new legal arguments and have not identified any pertinent factual or legal issues in this case that would distinguish it from the Court's prior decisions in *Yon Kervis U. v. Chestnut*, No. 1:25-CV-2066-KES-SAB (HC), 2026 WL 88983 (E.D. Cal. Jan. 12, 2026), *Guzman v. Andrews*, No. 1:25-CV-01015-KES-SKO (HC), 2025 WL 2617256 (E.D. Cal. Sept. 9, 2025), *Elmer Joel M. C. v. Wofford*, No. 1:25-CV-01622-KES-CDB (HC), 2025 WL 3501200 (E.D. Cal. Dec. 6, 2025), *Clene C.D. v. Robbins*, No. 1:25-CV-01463-KES-SKO (HC), 2026 WL 84302 (E.D. Cal. Jan. 12, 2026), *Bilal A. v. Wofford*, No. 1:25-CV-01715-KES-HBK (HC), 2025 WL 3648366 (E.D. Cal. Dec. 16, 2025), *W.V.S.M. v. Wofford*, No. 1:25-CV-01489-KES-HBK (HC), 2025 WL 3236521 (E.D. Cal. Nov. 19, 2025), and *Marina V.N. v. Robbins*, No. 1:25-CV-01845-KES-SKO (HC), 2025 WL 3701960 (E.D. Cal. Dec. 21, 2025),

---

[2] *Rodriguez Diaz v. Garland*, 53 F.4th 1189 (9th Cir. 2022) does not foreclose petitioner's due process claim. There, the court upheld § 1226(a)'s procedures as applied at an initial custody determination. As another court explained in a similar case involving a noncitizen who was released from detention pursuant to § 1226(a) and subsequently re-detained without bond, "[u]nlike the petitioner in *Rodriguez Diaz*, [the petitioner] was initially released" following a finding that he was not a flight risk or danger "and has remained released for years." *Andudia-Carillo v. Albarran*, No. 25-CV-10380-VC, 2025 WL 4479434, at *1 (N.D. Cal. Dec. 17, 2025). "*Rodriguez Diaz* [] does not limit the Due Process rights of those petitioners whom the government had already voluntarily released." *Id.*; *see also Rodriguez Diaz*, 53 F.4th at 1213 ("[W]e do not foreclose all as-applied challenges to § 1226(a)'s procedures" because "[d]ue process is a flexible concept that varies with the particular situation.").

the petition for writ of habeas corpus is GRANTED, for the reasons addressed in those prior orders.

Respondents are ORDERED to provide petitioner Roberto Antonio Requene Gutierrez (A-Number: A-246-113-274) with a bond hearing before a neutral decisionmaker within fourteen (14) days of the date of this Order.  Respondents shall immediately provide petitioner with a copy of this Order and shall provide him with 48 hours' written notice before the bond hearing.  At that bond hearing, it is respondents' burden to demonstrate that petitioner is a flight risk or danger to the community by clear and convincing evidence.  If respondents do not provide petitioner with a bond hearing within fourteen days, then respondents must release him.[3]

The Clerk of Court is directed to close this case and enter judgment for petitioner.

IT IS SO ORDERED.

Dated:   April 13, 2026

_____
UNITED STATES DISTRICT JUDGE

---

[3] This Order does not address the circumstances in which respondents may detain petitioner in the event he becomes subject to an executable final order of removal.

4